Per Curiam.

Section 5579, General Code, imposes upon the Board of Tax Appeals the duty to “direct and supervise the assessment for taxation of all real property in the state.” Section 5612, General Code, requires each county auditor to transmit to the Board of Tax Appeals an abstract of all the real property in each taxing district in his county, setting forth the aggregate amount and valuation of each class as it appears on his tax list. To make such direction and supervision effective, Section 5613, General Code, requires that the Board of Tax Appeals shall determine whether the real property and the various classes thereof have been assessed at the true value thereof in money and, if necessary, to revise the valuation as listed by the auditor, in order that every cláss of property “shall be listed and valued for taxation by an equal and uniform rule at its true value in money.”
The Board of Tax Appeals having reviewed and disapproved the abstract in question and having ordered a blanket horizontal increase of 25 per cent, Section 5615, General Code, imposes upon the county auditor a mandatory ministerial duty to comply with that order. Hammond, Treas., v. Winder, Recr., 100 Ohio St., 433, 126 N. E., 409, 24 A. L. R., 318.
Ultimate facts showing a gross abuse of discretion on the part of the Board of Tax Appeals in making the order complained of have not been alleged.
Accordingly, this court, in these proceedings, will not disturb the order of the Board of Tax Appeals.
In case No. 33332, the demurrer to the petition is' sustained and a writ denied.
In case No. 33355, since both parties concede that there is no statutory authority for the appeal, the motion to dismiss is sustained.

Writ denied.

Appeal dismissed.

*4 Weygandt, C. J., Middleton, Matthias, Hart, Zimmerman and Stewart, JJ., concur.